IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER PARKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 17-1582 |
| | ) | |
| JUSTIN HAMMERS, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND OPINION

Before this Court is the Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254 filed by Petitioner Christopher Parker ("Petitioner"). For the reasons set forth below, the Petitioner's Writ is DISMISSED WITHOUT PREJUDICE.

Petitioner pleaded guilty in Illinois to criminal sexual assault, for which he was sentenced to 5 years and 3 months' imprisonment, plus a supervised release term of 3 year to life. Petitioner has previously filed habeas corpus petitions under § 2254 challenging the constitutionality of his mandatory supervised release on due process grounds. Parker v. Korte, No. CV 16-908-DRH (S.D. Ill. Sept. 16, 2016) Parker v. Roeckeman, No. CV 13-206-DRH, (S.D. Ill. July 14, 2014). The United States District Court for the Southern District of Illinois dismissed both petitions. Id.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) created a set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). Burton v. Stewart, 549 U.S. 147, 152 (2007). Before filing a § 2254 in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). AEDPA's provisions require that second and successive § 2254 applications be dismissed unless "the claim relies on a

new rule of constitutional law, made retroactive ... by the Supreme Court" or presents facts that "could not have been discovered previously" and tend to show actual innocence. 28 U.S.C. § 2244(b)(2). The United States Supreme Court held without authorization from the court of appeals, the district court is without jurisdiction to entertain a petition. Burton, 549 U.S. at 152.

On December 1, 2017, Petitioner submitted to the Seventh Circuit a Motion for an Order Authorizing the District Court to Entertain a Second or Successive Petitioner for Collateral Review, as required by § 2254. Parker v. Hammers, No. 17-3452 (7th. Cir. 2018). The Seventh Circuit subsequently denied Plaintiff's motion finding Petitioner's successive petition did not challenge a new or retroactive constitutional rule or present evidence that was previously unavailable. Id. On December 21, 2017, Petitioner filed a Writ of Habeas Corpus in this Court and subsequently, filed a Motion to Amend or Correct on May 10, 2018. (ECF Nos. 1 and 17). Both of these petitions challenge the constitutionality of his mandatory supervised release. (ECF Nos. 1 and 17). Without the permission of the Seventh Circuit, this Court does not have jurisdiction to hear Petitioner's successive petition and therefore, must DISMISS this case.

## PENDING MOTIONS

Petitioner's Motion for Leave to File Amended Petition (ECF No. 7) is GRANTED and was considered in the dismissal of this case. Furthermore, as this Court does not have jurisdiction to hear the underlying writ, Petitioner's Motion to Substitute Party (ECF No.15), Motion for Habeas Bond (ECF No. 16), Motion to Amend Relief Requested (ECF No. 17), Motion for Appointment of Counsel (ECF No. 18), Emergency Amendment and Motion for Sua Sponte Judgment (ECF No. 21), Motion for Subpoena (ECF No. 22), Motion for Criminal Investigation (ECF No. 28), Motion for Temporary Restraining Order (ECF No. 30) and Motion to Add

Additional Ground (ECF No. 31) are all DENIED.  Petitioner's Motion to proceed in *forma pauperis* (ECF No. 19) is MOOT as he already paid the filing fee.

## **CONCLUSION**

For the reasons set forth above, the Court Petitioner's for Writ of Habeas Corpus (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.  Furthermore, as this Court does not have jurisdiction to hear the underlying writ, Petitioner's ancillary motions (ECF Nos. 7, 15, 16, 17, 18, 21, 22, 28, 30, and 31) are DENIED and his Motion to Proceed in *forma pauperis* is MOOT. The Clerk of the Court is directed to close the case.

ENTERED this 3rd day of August, 2018.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge